**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **ADELA RODRIGUEZ,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **CASA CENTRAL  SOCIAL SERVICES** | ) |
| **CORPORATION,** | ) |
| | ) |
| **Defendant.** | )   **JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff, Adela Rodriguez, by and through her attorneys, Becerra Law Group, LLC, for her Complaint against Casa Central Social Services Corporation (herein "Defendant"), states as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1.       Plaintiff Adela Rodriguez brings this action against Casa Central Social Services Corporation ("Casa Central") for violations of Title VII of the Civil Rights Act of 1964 ("Title VII"),  42 U.S.C. § 2000e *et seq*.  In support of her Complaint, Plaintiff Rodriguez alleges and states the following:

2.       Plaintiff was employed by Casa Central as a Home Care Aide.  She was very dedicated to providing the best care for her elderly clients.  But when she notified Defendant that she was pregnant in August 2016, Defendant responded by ordering her to no longer assist her clients and not giving her any new assignments, effectively dismissing her from her job because of the pregnancy.

### JURISDICTION AND VENUE

3.       This Court has jurisdiction over this case pursuant to 42 U.S.C.  §2000e-5(f)(3)

and 28 U.S.C. § 1331. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4.      Venue is proper in this judicial district as the facts and events giving rise to Plaintiff's claims occurred in this judicial district.

## THE PARTIES

5.      Plaintiff Adela Rodriguez resides and is domiciled in this judicial district.

6.      Plaintiff Adela Rodriguez was a nonexempt employee of Defendant within the meaning of 42  U.S.C. § 2000e(f) and 775 ILCS 5/2-101(A).

7.       Defendant Casa Central is an Illinois not-for-profit corporation.

8.      Defendant Casa Central is a "person" within the meaning of 42 U.S.C. § 2000e(a), as well as an "employer" within the meaning of 42 U.S.C. § 2000e(b) and 775 ILCS 5/2-101(B).

## FACTUAL ALLEGATIONS

9.      Plaintiff was employed as a Home Care Aide from March 17, 2014 to September 20, 2016.

10.      Plaintiff exceeded Casa Central's expectations of a Home Care Aide.

11.      In late August 2016, Ms. Rodriguez informed her supervisor Karen Ibarra that she was pregnant.

12.      After learning of Plaintiff's pregnancy, Ms. Rodriguez was removed from her assignments and not given any new assignments.

13.      On September 20, 2016 Karen Ibarra told Ms. Rodriguez that she was to stop going to work at the Huertas residence.  Plaintiff had worked as Home Care Aide at the Huertas' home since July 2014.

14.      Ms. Rodriguez could have continued working as a Home Care Aide for the

Huertas during her pregnancy, but Defendant do not allow her to work at that assignment.

15. Upon information and belief, the Huertas were left without a Home Care Aide for at least 8 months after Plaintiff was removed from their home.

16. Plaintiff was told on September 20, 2016 that by September 23, 2016 Karen Ibarra's supervisor Juana Reyes would call Plaintiff with a new assignment at Defendant's office.

17. No one from Defendant called Ms. Rodriguez on September 23, 2016 with a new assignment.

18. Plaintiff attempted to contact her immediate supervisor Karen Ibarra and Ibarra's supervisor Juana Reyes for weeks.

19. On October 3, 2016, Plaintiff was finally able to make contact with Karen Ibarra. Ibarra told Ms. Rodriguez that she could give her the number for "Ulices" from Human Resources.

20. Plaintiff called Ulices that same day and left a voicemail.

21. On October 6, 2016, Plaintiff made contact with Ulices who told her to call to call Ivan Agosto.

22. On October 11, 2016, Ms. Rodriguez made contact with Ivan Agosto who said there was a cleaning position available. Ms. Rodriguez let Agosto know she was willing to take the cleaning position and he promised to call her back to set up a start time.

23. Plaintiff left voicemails for Agosto throughout the month of October.

24. On November 30, 2016, Plaintiff attempted to speak to a manager. She was transferred to Mayra Quinones. Plaintiff left a message with Quinones's assistant, but her call was not returned.

25. Upon information and belief, Defendant has a policy or practice of allowing

employees to request a temporary modified-duty assignment to accommodate for injuries or illnesses.

26. Upon information and belief, Defendant's practice has been to accommodate employees who have been injured.

27. Plaintiff was never notified that she had a right to seek and be granted a reasonable accommodation for pregnancy other than leave.

28. On December 14, 2016, Plaintiff filed a charge for discrimination against Defendant Casa Central with the Illinois Department of Human Rights.

29. The Plaintiff has exhausted administrative remedies by timely filing charges with the Illinois Department of Human Rights.

30. EEOC issued a Notice of Right To Sue on September 28, 2017.

31. This action is filed within 90 days of receipt by Ms. Rodriguez of the EEOC's Notice of Right to Sue.

32. Plaintiff has satisfied all conditions precedent to pursuing the claims alleged in this complaint.

33. Ms. Rodriguez suffered from emotional distress as a result of sex discrimination based on her pregnancy.

34. Ms. Rodriguez also suffered monetary loss as a result of sex discrimination base on her pregnancy.

**COUNT I**
**Title VII, 42 U.S.C. §§ 2000e-2(a), 2000e(k)**
**Disparate Treatment Because of Sex (Pregnancy)**

(Plaintiff hereby realleges and incorporates paragraphs 1 through 34 of this Complaint, as if fully set forth herein.)

35.     Defendant discriminated against Plaintiff based on her sex, and because of her pregnancy, in violation of Title VII of the Civil Rights Act of 1964, as amended by the Pregnancy Discrimination Act, by refusing to accommodate her pregnancy while accommodating other, non-pregnant workers who were similar in their ability or inability to work, and instead forcing Plaintiff onto involuntary leave and dismissal.

36.     Defendant's refusal to accommodate Ms. Rodriguez imposed a significant burden on her, and Defendant's purported reasons for its refusal are not sufficiently strong to justify that burden.

37.     As a result of Defendant's unlawful sex discrimination, Ms. Rodriguez suffered monetary loss, including loss of earnings.

38.     As a result of Defendant's unlawful sex discrimination, Ms. Rodriguez suffered emotional pain and suffering.

### COUNT II
### IHRA, 775 ILCS 5/2-102
### Failure to Provide Reasonable Accommodations for Pregnancy

(Plaintiff hereby realleges and incorporates paragraphs 1 through 38of this Complaint, as if fully set forth herein.)

39.     Defendant failed to make reasonable accommodations for Ms. Rodriguez's pregnancy or medical conditions related to pregnancy, in violation of IHRA, 775 ILCS 5/2-102(J), including but not limited to requiring her to take leave and ultimately dismissing her even though another reasonable accommodation could have been provided.

40.     Defendant failed to make reasonable accommodations for Ms. Rodriguez even though it made accommodations for non-pregnant employees and it would not have been an undue hardship on Defendant.

41.     As a result of Defendant's unlawful conduct, Ms. Rodriguez suffered monetary

loss, including loss of earnings.

42.     As a result of Defendant's unlawful conduct, Ms. Rodriguez suffered emotional pain and suffering.

**COUNT III**
**IHRA, 775 ILCS 5/2-102**
**Disparate Treatment Because of Pregnancy**

(Plaintiffs hereby reallege and incorporate paragraphs 1 through 42 of this Complaint, as if fully set forth herein.)

43.     Defendant discriminated against Ms. Rodriguez based on her pregnancy, childbirth, or medical condition related to pregnancy or childbirth, in violation of the IHRA, which provides that pregnant workers "shall be treated the same for all employment-related purposes . . .  as other persons not so affected but similar in their ability or inability to work, regardless of the source of the inability to work", 775 ILCS 5/2-102(I).

44.     As a result of Defendant's unlawful pregnancy discrimination, Ms. Rodriguez suffered monetary loss, including loss of earnings.

45.     As a result of Defendant's unlawful pregnancy discrimination, Ms. Rodriguez suffered emotional pain and suffering.

WHEREFORE, Plaintiff respectfully requests that the Court grant the following relief:

A.     Declaratory relief, including but not limited to a declaration that Defendant violated Title VII and IHRA;

B.     Injunctive relief, including but not limited to revision of Defendant' policies with respect to accommodating pregnancy, childbirth, and related conditions, so that they comply with Title VII and the IHRA;

C.     Compensation for loss of income and benefits;

D.     Compensatory damages, including for emotional distress;

E.     Pre-judgment and post-judgment interest at the highest lawful rate;

6

F. Costs incurred, including reasonable attorney fees to the extent allowable by law; and

G. Such other and further relief as this Court deems appropriate and just.

## JURY DEMAND

Plaintiff demands a trial by jury.

Respectfully submitted,

Dated: December 28, 2017            **ADELA RODRIGUEZ**


By: _/s/Carlos G. Becerra
Attorney for Plaintiff


CARLOS G. BECERRA (ARDC #6285722)
Becerra Law Group, LLC
11 E. Adams St., Suite 1401
Chicago, Illinois 60603
Telephone: (312)957-9005
Facsimile: (888)826-5848
E-mail: cbecerra@law-rb.com